UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME WESTFIELD DEWALD #463078,       )
                        Petitioner,    )
                                       )        No. 1:08-cv-906
-v-                                    )
                                       )        HONORABLE PAUL L. MALONEY
GENE WRIGGELSWORTH,                    )
                        Respondent.    )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

On September 26, 2008, state prisoner Jerome Westfield Dewald filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 34) that Mr. Dewald's petition be denied as to the first two counts on which he was convicted and granted as to counts 3–6. Before the court today are timely objections to the Report and Recommendation filed by both Mr. Dewald (ECF No. 35) and by Respondent Wriggelsworth (ECF No. 37).

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

### DISCUSSION

### A.      Petitioner's Objections

The magistrate judge concluded that the court lacked subject-matter jurisdiction over Mr. Dewald's petition with regard to counts 1 and 2, because by the time he had filed the petition, he had already served his sentences on these two claims and thus was not "in custody" for purposes of 28 U.S.C. § 2254.  Mr. Dewald objects to that conclusion on several grounds.

First, he argues that the magistrate judge's interpretation of *Maleng v. Cook*, 490 U.S. 488 (1989), "presents the habeas petitioner with an impossible dilemma" by requiring him to raise his legal objections through the state-court system but denying relief if that process took longer than his sentence.  But this argument proves too much.  This dilemma occurs equally in any case where the time needed to take a defendant's claim through the state court system is longer than his sentence.  Still, the Supreme Court's command is clear: "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng*, 490 U.S. at 492.  Petitioner gives no reason why this conclusion does not follow in his case as in any other.

Mr. Dewald also notes that the Sixth Circuit case cited by the magistrate judge, *Clark v. Russell*, 1992 WL 259355 (6th Cir. 1992), is unpublished and not controlling.  But the magistrate judge did not claim otherwise, and the R&R was not premised on controlling Sixth-Circuit authority.

Finally, Mr. Dewald argues that his claim is entitled to equitable tolling.  This is a newly raised argument, however, rather than an objection to the magistrate judge's R&R.  Further, equitable tolling is not relevant here.  That doctrine applies to extend the one-year limitation period in section 2244(d)(1), but Mr. Dewald's petition was undisputedly timely.  Mr. Dewald cites no case suggesting that a petitioner's status as "in custody" can somehow be equitably tolled under this

doctrine, and the court declines to create the first such precedent.

For these reasons, Mr. Dewald's objections are OVERRULED.

## B.     Respondent's Objections

As for the remaining counts under which Mr. Dewald was convicted, the magistrate judge concluded that the Federal Election Campaign Act preempted the state's prosecution, and the Michigan Court of Appeals's decision to the contrary was objectively unreasonable.  Respondent Wriggelsworth objects to this finding, but not on the ground that the state court was correct.  Instead, Respondent argues only that the magistrate judge's recommendation did not afford sufficient deference to the state court's decision.

Under section 2254, the federal courts may not grant an application for writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).  Respondent argues that the R&R's analysis, which cited to several decisions of the lower federal courts, as well as the Code of Federal Regulations, was not based on law established by the Supreme Court and so its conclusion did not hold.

This objection misreads the R&R and misunderstands the relevant standard of review.  The key sections of the R&R are parts II.B. and II.C., which lay out the relevant legal principles and apply them to Mr. Dewald's prosecution.  Both sections look to Supreme Court precedents; as the magistrate judge states, "By the time the Michigan Court of Appeals issued its decision in May 2005, the Supreme Court of the United States had clearly established the principles governing the analysis of federal preemption of State laws."  (R&R, ECF No. 34, at 26.)  After discussing those

3

principles at length, the magistrate judge concluded that each of the state prosecutions at issue were expressly preempted by the FECA. (*See* R&R, ECF No. 34, at 19–32.)

It is true that the magistrate judge cites the Code of Federal Regulations in this analysis. But it does so pursuant to the very Supreme Court case law that Respondent argues the court is bound by. (*See* R&R, ECF No. 34, at 28 (citing *City of New York v. F.C.C.*, 486 U.S. 57 (1988), for the proposition that "an agency's regulation defining the scope of preemption must be followed in the absence of a clear indication from the statute itself or its legislative history that Congress would not have sanctioned the scope of preemption").) The court's subsequent citation to Sixth Circuit precedent only confirms the magistrate judge's reading of this legislative history. (*Id.* at 29.)

Thus, the magistrate judge's conclusion that the state-court prosecutions were preempted was in fact based on clearly established Supreme Court precedents. In part II.D., the magistrate judge moves on to analyze whether the state court's decision "was contrary to, or involved an unreasonable application of" those precedents. The judge concluded that it was: the state court "rejected petitioner's preemption defense with virtually no analysis and made no attempt to apply clearly established Supreme Court precedent." (*Id.* at 32.) It is true that the magistrate judge cited several lower-court cases in this discussion. But these citations were clearly not meant to establish the background law that the state court failed to apply, but to demonstrate in other ways the deficiency of the state court's analysis. For instance, pages 35 through 37 of the R&R discuss the state court's claim that the FECA should be given a narrow preemptive effect. The magistrate judge points to several contrary lower-court decisions as evidence that "[i]f the Michigan Court of Appeals had surveyed the totality of federal appellate decisions in this area, it would have recognized that the quoted language from the *Karl Rove* case has no application to the present dispute." (*Id.* at 35.)

4

Similarly, the magistrate judge cited the Eastern District of Virginia's decision in *Friends of Phil Gramm v. Americans for Phil Gramm*, 587 F. Supp. 769 (E.D. Va. 1984), only to show that "if the Michigan court had been interested in the closest federal case, it would have seen that a federal district court had already ruled that a fraud claim against a PAC based on the PAC's use of a candidate's name in its solicitation is preempted." (R&R, ECF No. 34, at 37.) These points were peripheral to the magistrate judge's main conclusion and did not affect the "clearly established Federal law" on which the magistrate judge based his recommendation.

In the end, Respondent is reduced to objecting that "[t]he R&R fails to cite any United States Supreme Court case that stands for the proposition that 2 U.S.C. § 453(a) expressly preempts the State of Michigan from prosecuting a defendant for fraud." But section 2254(d) does not require that the Supreme Court decided the exact fact pattern presented in the habeas petition. "The Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent." *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002). "'[T]he lack of an explicit statement' of a particular rule by the Supreme Court 'is not determinative' of clearly established law." *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (quoting *Taylor*, 288 F.3d at 852). As the magistrate judge's thorough discussion makes abundantly clear, the state court's decision was not just an incorrect application of clearly established Supreme Court precedent, but an objectively unreasonable one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002).


Respondent's objections are therefore OVERRULED.

5

**CERTIFICATE OF APPEALABILITY**

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).  Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability.  *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The court today finds largely in favor of Mr. Dewald.  But because the court denies relief as to counts 1 and 2, the court has evaluated whether a certificate of appealability should issue as to those counts.  Because reasonable jurists would agree that Mr. Dewald's petition fails as to those two claims for the reasons stated in the magistrate judge's Report and Recommendation, the court declines to issue a certificate of appealability as to that portion of its order.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

(1)      The report and recommendation (ECF No. 34) is **ADOPTED**, over objections, as the opinion of this court;

(2)      Petitioner Jerome Westfield Dewald's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED** as to counts 1 and 2 (obtaining money by false pretenses) and **GRANTED** as to counts 3, 4, 5, and 6 (common-law fraud and larceny by conversion); and

(3)      A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**


Date:   August 8, 2012                     /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge