UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JEROME WESTFIELD DEWALD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:08-cv-906 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| GENE WRIGGLESWORTH, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

       This was a habeas corpus proceeding brought by a former state prisoner pursuant to 28 U.S.C. § 2254. The subject matter of the petition was six convictions in the Ingham County Circuit Court arising from petitioner's allegedly fraudulent activities in connection with the 2000 presidential election. By judgment entered August 7, 2012, Chief Judge Paul Maloney granted habeas corpus relief with regard to counts 3, 4, 5, and 6 and issued an unconditional writ vacating those convictions. The court denied relief with regard to counts 1 and 2 for lack of subject-matter jurisdiction, as petitioner was no longer in custody on these convictions by the time the petition was filed. Judge Maloney's judgment was entered after *de novo* review of objections filed to a report and recommendation by both petitioner and respondent.

       The matter is now before the court on respondent's motion for a stay pending appeal and for immediate consideration. (docket # 41). The motion acknowledges that petitioner has completely served his prison sentences on counts 3, 4, 5, and 6 and that he has been discharged from parole. Respondent nevertheless seeks a stay of the court's judgment, without ever specifically

identifying the continuing effect, if any there might be, of the judgment. Petitioner opposes the motion. Applying the standards enunciated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987). I conclude that respondent is not entitled to a stay pending appeal and recommend that the motion be denied.

### Discussion

Rule 23(c) of the Federal Rules of Appellate Procedure creates a rebuttable presumption that a prisoner who has received habeas relief will be released from custody pending appeal. In *Hilton v. Braunskill*, the Supreme Court set forth the factors that the district court should consider in determining whether to enlarge the prisoner or continue custody. 481 U.S. at 776. The Court drew upon the traditional factors for a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* The Court remarked that the state's interest in continuing custody pending a final determination of the case on appeal is also a factor to be considered. This factor "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. By logical extension, this interest vanishes to nothing when the sentence has been completely served and the petitioner is no longer subject to any sanction, even parole, at the time the stay is requested.

In light of petitioner's complete freedom from any restraint on his liberty arising from the vacated criminal convictions -- and the state's concomitant lack of any interest in petitioner's

continued incarceration or supervision -- it is unlikely that the *Braunskill* factors even apply to this case. On the assumption that they do apply, I find that none of the relevant factors weighs in favor of a grant of the stay.

The first factor is the strength of respondent's case on appeal. Respondent argues vehemently that this court failed to show appropriate deference under AEDPA to the decision of the Michigan Court of Appeals, which rejected petitioner's clearly meritorious claim of federal preemption. Respondent's essential position appears to be that unless and until the United States Supreme Court orders the State of Michigan to apply the Preemption Clause of the Federal Election Campaign Act, 2 U.S.C. § 453(a), Michigan prosecutors and courts can continue to ignore it. AEDPA deference is due to a state-court decision if there is any reasonable argument supporting it. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). A state court's determination of a federal issue must be upheld in a habeas corpus action so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); *accord, Harrington*, 131 S. Ct. at 786. The Michigan Attorney General has yet to provide this court, in any context, with an explanation of how a fair-minded jurist could possibly have come to the conclusion reached by the Michigan Court of Appeals, in light of the clear language of section 453(a) and the holdings of the Supreme Court concerning the state's lack of inherent authority in the area of federal elections. In other words, one searches the present record in vain for any reasonable argument that the Michigan Court of Appeals could have been right. The answer to the petition contains no such argument, nor is one advanced in the objections to the report and recommendation or the motion for stay.

Second, respondent cannot possibly show irreparable harm. In advancing this argument, respondent ignores the analysis of the *Braunskill* Court, which focused on the state's interest in preventing danger to the public arising from a premature release from custody of a habeas petitioner. 481 U.S. at 777-78. In the present case, respondent has no such interest, as petitioner has served his sentence and successfully completed parole. Rather than arguing that a stay is necessary to protect the public, respondent asserts that this court's judgment must be stayed because it somehow hampers the State of Michigan from exercising its police powers in connection with future federal elections. This argument is unavailing, on two separate grounds. First, the state misperceives the effect of a district court judgment in a habeas corpus matter. This court's judgment merely directed that petitioner's convictions be vacated, because they exceeded the constitutional limits imposed on the state. This was not an action for declaratory or injunctive relief, pursuant to which the court was asked to strike down Michigan law or to enjoin the Attorney General from bringing future prosecutions. The judgment affected petitioner and no one else. Michigan prosecutors are free to bring future prosecutions against other people, uninhibited by this court's judgment, except to the extent that state courts might find this court's analysis persuasive. In short, respondent's arguments about the future effects of this judgment are utterly insubstantial. Furthermore, in advancing this police power argument, the Attorney General ignores the Supreme Court's clear holding that the states have <u>no</u> inherent authority to regulate federal elections, except as expressly delegated to the states under the Elections Clause. *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804 (1995). Any state authority over federal elections "had to be delegated to, rather than reserved by, the states." *Id.* Respondent's obstinate clinging to some imagined police power authority to regulate federal elections through the Michigan common law may win him points for

perseverance, but provides no support for a claim that a stay of this court's judgment is necessary to prevent "irreparable harm."

The remaining *Braunskill* factors involve the rights of third parties and the public. Respondent argues that the public has a strong interest in preserving the state's right to "prosecute persons who use federal elections as a vehicle to commit a state crime." (Motion at ¶ 7, docket # 41). As noted, nothing in this court's judgment prohibits any state prosecutor from initiating any future prosecution, even misguided prosecutions. This is not an injunction action, and respondent's alarm is unfounded. Petitioner's response to the motion for stay suggests that the real reason for the motion concerns forfeiture proceedings now pending in the state courts involving money seized in connection with the underlying criminal prosecution. I will not assume that the Michigan Attorney General would bring a motion in federal court for such an ulterior purpose. Suffice it to say that the merits of any forfeiture controversy are not before this court and are completely irrelevant to the motion for stay.

## Recommended Disposition

For the foregoing reasons, I recommend that respondent's motion for stay (docket # 41) be denied.

Dated:   September 13, 2012          /s/  Joseph G. Scoville
                                     United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).