UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME WESTFIELD DEWALD #463078,  )
        Petitioner,  )
            )    No. 1:08-cv-906
-v-    )
            )    HONORABLE PAUL L. MALONEY
GENE WRIGGELSWORTH,  )
        Respondent.  )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

On August 7, 2012, this court granted partial relief under 28 U.S.C. § 2254 to former state prisoner Jerome Westfield Dewald, who had been convicted in Michigan court for fraudulent activity related to the 2000 presidential election. (ECF Nos. 38–39.) Respondent Gene Wriggelsworth has appealed this decision (*see* ECF No. 40) and now asks the court to stay its judgment pending that appeal. (ECF No. 41.)

Magistrate Judge Scoville reviewed the parties' briefing on the motion for stay and issued a Report and Recommendation (ECF No. 48) that the court deny the motion. Before the court today are timely objections filed by Respondent Wriggelsworth. (ECF No. 49.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*,

431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

Following Respondent's lead, the magistrate judge based his decision on a consideration of four factors set out in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987): (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The magistrate judge found that none of these factors favored a stay, and that another factor, the state's interest in continuing custody, is not relevant, as Mr. Dewald is no longer in custody. Respondent disputes the magistrate judge's handling of the first three factors. We will address each in turn.

First, Respondent argues that he has presented a strong claim on the merits. He argues that Federal Election Campaign Act (FECA) preemption should be construed narrowly, citing in support the Supreme Court decision in *Wright v. Van Patten*, 552 U.S. 120 (2008). This argument is not persuasive, however, for the reasons discussed at length in the magistrate judge's two R&Rs. The text of 2 U.S.C. § 453(a), 11 C.F.R. § 108.7(b), and Supreme Court precedent concerning preemption lead inexorably to the conclusion that the prosecutions at issue here are preempted by FECA. In light of this, Respondent's citation to a Supreme Court decision involving the right to counsel does not constitute a strong claim on the merits.

Next, Respondent argues that denying the stay would cause irreparable harm by barring the state from "prosecuting fraudsters who use a federal election to steal money from unsuspecting citizens." He acknowledges that a decision whether to stay this matter would not formally prohibit such prosecutions, but argues that as a practical matter, the effect is the same. Staying the decision

pending appeal would "telegraph[] to the state courts and state law enforcement that . . . this Court's decision may not be the final word on the issues presented"; without such a signal, he argues, Michigan courts would imprudently rely on this court's decision in deciding future FECA preemption issues. Thus, the courts would dismiss such cases and prosecutors would be discouraged from bringing them in the first place.

This court is skeptical that a stay would have such power. Even with a stay, this court's decision stands, and state courts may rely on it as they see fit. And while a stay would signal that the federal courts may have more to say on a subject, so would a mere Notice of Appeal. In any case, it is far from clear that the state would in fact be discouraged from bringing any prosecutions while this appeal is pending, and Respondent cites no case law suggesting that such an unsupported claim is a sufficient basis to find irreparable harm.

Respondent's other claimed harm is the cost and logistical difficulty of expunging Mr. Dewald's records and then having to reinstate his convictions if the Sixth Circuit disagrees with this court's analysis. But Respondent does not show that this process would be particularly difficult, costly, or time-consuming here, and it thus does not weigh heavily in favor of a stay.

Finally, Respondent argues that issuing a stay would not harm Mr. Dewald, the other party interested in the proceeding. Because Mr. Dewald has already been released, Respondent argues, he suffers no restraint on his liberty that would be continued under a stay. But Respondent does not claim that there are no collateral consequences from Mr. Dewald's convictions. Even though such collateral consequences do not constitute "custody" for purposes of habeas relief, they are certainly a harm which must be considered in deciding whether to stay Mr. Dewald's relief. Respondent's showing here is weak at best.

The magistrate judge properly considered the *Braunskill* factors in his R&R and determined that the factors weigh against staying judgment in this case. Respondent's arguments to the contrary are not persuasive, and so Respondent's objections are OVERRULED.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 48) is **ADOPTED**, over objections, as the opinion of this court. Respondent's motion for stay (ECF No. 41) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  October 11, 2012                                          /s/ Paul L. Maloney
                                                                                                                Paul L. Maloney
                                                                                                                Chief United States District Judge